Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone:  (310) 887-1333
Fax:  (310) 887-1334

*Attorneys for Plaintiffs*
*Boltier R&D, Inc., ADC Energy, Inc.,*
*Hun Yong Choe, and Choe Family, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOLTIER R&D, INC., a California corporation, ADC ENERGY, INC., a California corporation, and HUN YONG CHOE, an individual, directly and derivatively on behalf of CHOE FAMILY, LLC, a California limited liability company,<br><br><br>Plaintiffs,<br><br>v.<br><br>HENRY M. LEE, an individual, JOHNNY PHAM, an individual, MIKA YAMAMORI, an individual, GEORGE SHROUDER, an individual, JINA LEE, an individual, ADC ENERGY USA, INC., a California corporation, HAJA FAMILY, LLC, a California limited liability company, ADC AIR LLC, a Nevada limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants, | Case No. 8:24-cv-01266-JVS-JDE<br><br>**PLAINTIFFS' NOTICE OF** ***EX PARTE*** **APPLICATION AND APPLICATION FOR LEAVE TO SERVE DEFENDANTS BY EMAIL**<br><br>[*Declaration of Ehab M. Samuel; and [Proposed] Order filed concurrently herewith*]<br><br><br>Date: N/A<br>Time: N/A<br>Ctrm: 10C, Hon. James V. Selna |

1         <u>**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**</u>

2        **TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF**

3 **RECORD:**

4        **PLEASE TAKE NOTICE** that as soon as this matter may be heard before the

5 Honorable James V. Selna in Courtroom 10C of the United States District Court for

6 the Central District of California located at 411 West Fourth Street, Santa Ana,

7 California 92701, Plaintiffs Boltier R&D, Inc. ("<u>Boltier</u>"), ADC Energy, Inc.

8 ("<u>ADC Inc.</u>"), Choe Family, LLC ("<u>Choe Family</u>"), and Hun Yong Choe ("<u>Choe</u>,"

9 collectively with Boltier, ADC Inc., and Choe Family, "<u>Plaintiffs</u>") will and hereby

10 do move for an order allowing Plaintiffs to serve each of Defendants Henry M. Lee

11 ("<u>Lee</u>"), Jina Lee ("<u>Jina</u>"), Johnny Pham ("<u>Pham</u>"), Mika Yamamori ("<u>Yamamori</u>"),

12 George Shrouder ("<u>Shrouder</u>"), ADC Energy USA, Inc. ("<u>ADC USA</u>"), and HAJA

13 Family, LLC ("<u>HAJA</u>" collectively with Lee, Jina, Shrouder, ADC USA, and HAJA,

14 "<u>Defendants</u>") the summons and complaint in this action by email.

15        Plaintiffs' make this request on the following grounds.

16        (i)    Each of these Defendants are actively evading service of the summons

17 and complaint.  Plaintiffs have made multiple attempts to serve each of them at their

18 known home and office addresses.  At each time, no one answer the door or

19 individuals present at the location have denied that the Defendants live there or have

20 claimed not to work for Defendants.

21        (ii)    Defendants are definitely aware of the existence of the lawsuit by virtue

22 of receiving emails attaching the lawsuit initiating papers and otherwise

23 communicating with Plaintiffs and their counsel from those same email addresses.

24        (iii)    Courts regularly authorize email service where, as here, there is evidence

25 of evasion of service, refusal to accept service, previous communication with a

26 defendant, and such service is reasonably calculated to give notice.

27        (iv) The declaration of Plaintiffs' counsel, Ehab Samuel, filed concurrently

28 herewith, demonstrates good cause exists.

The application is being made *ex parte* on an emergency basis because if Plaintiffs are required to bring a regular noticed motion under Local Rule 6-1 (which requires notice of at least twenty-eight days), the matter will not be heard for several weeks at the earliest. By then, the summons (even if renewed) would have expired, while Defendants will continue to evade service.

This application is made following the conference of counsel and the parties pursuant to Local Rule 7-19 which took place on July 1, 2024 via email. Plaintiffs' counsel emailed each of Defendants Lee, Jina, Shrouder, Pham, Yamamori, ADC USA, and HAJA, and provided them the substance of this application and Plaintiffs' intent to proceed *ex parte*. Plaintiffs' counsel also advised that any opposition to this application must be filed with the Court not later than 24 hours after these parties are served the moving papers by email (including by the Court's CM/ECF System), fax, or hand service. This application and all supporting papers were served on Defendants by email on July 1, 2024.

Pursuant to Local Rule 7-19, contact information for each of Defendants and/or their counsel in this matter is as follows.

- Henry M. Lee (in pro per)

  3731 Wilshire Boulevard, Suite 930, Los Angeles, California 90010

  Email: henry@adcenergyusa.com; leelawcorp@aol.com

- Jina Lee (in pro per) (wife of Henry M. Lee)

  525 North Alpine Drive, Beverly Hills, California 90210

  Email: henry@adcenergyusa.com; leelawcorp@aol.com

- George Shrouder (in pro per)

  3731 Wilshire Boulevard, Suite 930, Los Angeles, California 90010

  Email: gshrouder.boltier@gmail.com

- Johnny Pham (in pro per)

  13888 La Jolla Plaza Garden Grove, California 92844

  Email: jkpmsy@gmail.com

- Mika Yamamori (in pro per)

  13888 La Jolla Plaza Garden Grove, California 92844

  Email: jkpmsy@gmail.com

- HAJA Family, LLC (in pro per)

  c/o Henry M. Lee (Agent for Service of Process)

  3530 Wilshire Boulevard, Suite 1710, Los Angeles, California 90010

  Email: henry@adcenergyusa.com; leelawcorp@aol.com

- ADC Energy USA, Inc. (in pro per)

  c/o Henry M. Lee (Agent for Service of Process)

  3731 Wilshire Boulevard, Suite 930, Los Angeles, California 90010

  Email: henry@adcenergyusa.com

Each of Defendants is being served with this *ex parte* application and all supporting papers by electronic transmission via the Court's electronic filing system as well as by email.

This application is based on this Notice of *Ex Parte* Application and Application, the supporting memorandum of points and authorities, the Declaration of Ehab M. Samuel, the proposed order, the records, files, and pleadings in this case, and such argument and authorities as may be presented at oral argument. No prior application has been made to the Court for the requested relief.

DATED:  July 2, 2024                    ORBIT IP, LLP


By:  */s/ Ehab M. Samuel*
     EHAB M. SAMUEL
     DAVID A. RANDALL

     *Attorneys for Boltier R&D, Inc.,*
     *ADC Energy, Inc., Hun Yong Choe, and*
     *Choe Family, LLC*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

This Application[1] is necessary because Defendant Lee and his individual and corporate co-conspirators are deliberately evading service of the summons and Complaint.  Plaintiffs have made multiple attempts to effect service of process in person as follows.

**3731 Wilshire Boulevard, Suite 930, Los Angeles, CA 90010.**

This is Lee's law office. It is this same location Lee provided as his official address in the *Henry Lee v. Choe Family, LLC et al.* matter (Case No. 2:24-CV-05089- JVS-JDE) (the "<u>Lee Litigation</u>") now pending before this Court.  (*See* Declaration of Ehab Samuel ("<u>Samuel Decl.</u>"), Ex. D [Lee Litigation Complaint cover page].)  And, it is the official address listed with the Secretary of State for Defendant ADC USA, which is the company in which each of Defendants Lee, Jina, Pham, Yamamori and Shrouder work for. *See* Samuel Decl., Ex. I [SOI for ADC USA]. Moreover, it is the address that Henry purported to serve process on Jina on behalf of Choe Family in the Lee Litigation.  (*See* Samuel, Decl., Ex. H [Proof of Service in Lee Litigation].)

Yet, each time a registered process server attempted to serve the papers on these Defendants at this location, he faced obstacles these Defendants erected in his way. First, on June 19, 2024, at 1:05 p.m. when he arrived, the "office closed door locked." Samuel Decl., ¶8 & Ex. B. Next, on June 21, 2024, at 11:57 a.m., he "spoke to a female Asian[2] she said she doesn't work for Henry Lee and can't accept services [sic]." *Id.* Then, on June 25, 2024 at 10:36 a.m., there was "No answer door locked." *Id.*

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the same meanings ascribed to them in the Complaint.

[2] Plaintiffs are informed and believe that this individual is co-conspirator, Lucie Lee, who is Lee's personal assistant at his law office and at ADC USA.

-4-

1  **13888 La Jolla Plaza, Garden Grove, CA 92844.**

2      This is the home of each of Pham and Yamamori.  It is also the address that

3  they provided as their contact address to the California Superior Court in *Johnny*

4  *Pham et al. v. ADC Energy Inc. et al.*, Los Angeles Superior Court Case No.

5  23STCV05253 (the "Pham/Yamamori Litigation").  Samuel Decl., ¶ 10.

6      Plaintiffs' process server went to this address on June 21, 2024 at 6:33 p.m. and

7  delivered the following report:

8      "could hear voices inside, windows open, shares closed, ignoring knocks

9      at door.  I announced through front window Johnny Pham and calling

10     out Mika's name.  A female voice said someone calling her name.  A

11     male then came to window denying being defendant and that neither

12     defendant was home…"[3]

13  (Samuel Decl., ¶ 10 & Ex. B).

14     The process server returned on June 22, 2024 at 7:01 p.m. and on June 24, 2024

15  at 7:01 a.m..  *Id.*  There was "no answer" on both occasions. *Id.*

16  **525 North Alpine Drive, Beverly Hills, CA 90210.**

17     This is an address that is believed to be Henry and Jina Lee's residence.  Samuel

18  Decl., ¶ 9.  On June 22, 2024 at 10:48 a.m., the process server went to this address

19  and "spoke to a [] young Asian lady[4] and she said Jina Lee does not live at this location

20  nor Henry Lee…" *Id.*

21                              *      *      *

22     There is no question Defendants are aware of this lawsuit and have already

23  received copies of the papers.  Plaintiffs have sent multiple emails—containing the

24  papers filed in this case and other matters to Defendants Lee, Shrouder, Pham and

25  _____

26     [3] Plaintiffs are informed and believe that the female voice was Yamamori, and
the male that answered the door was Pham.

27

28     [4] Plaintiffs are informed and believe that this individual is Henry and Jina
Lee's daughter.

1  Yamamori—that did not generate any bounce back emails.  Samuel Decl. at ¶ 16.

2       Further, Defendants Lee, Jina, Shrouder, and Pham, are senior executives in

3  Defendant ADC USA and ADC Air, and Lee is the managing member of Defendant

4  HAJA. ADC Air has been served with the complaint in Nevada. Moreover, only a

5  few days ago, Lee communicated to the shareholders of Plaintiff Boltier and to

6  Plaintiff Hun Yong Choe in response to Plaintiff Choe's email enclosing a copy of

7  the complaint by email to Lee and the shareholders of Plaintiff Boltier. Samuel Decl.,

8  Ex. E [email to shareholders].  Also, counsel for Plaintiffs has provided Shrouder and

9  Lee a copy of the complaint and inquired on whether they would waive service.

10  (Samuel Decl., Ex. G [email to Shrouder attaching the complaint].)  Thus, any feigned

11  ignorance is disingenuous. Plaintiffs' current difficulty in locking Defendants down

12  at their known addresses is by Defendants' own design.

13       The Court should not countenance Defendants' obvious attempts to escape

14  service of process.   Therefore, Plaintiffs respectfully request an order permitting

15  service to be effectuated upon each of Defendants Lee, Jina, Pham, Yamamori,

16  ADC USA, and HAJA by sending a copy of the papers to each of their email addresses

17  and that each of them be permitted 30 days from the date of email to respond to the

18  Complaint prior to Plaintiffs being entitled to take a default.

19  **II.    THE COURT SHOULD ALLOW PLAINTIFFS TO SERVE BY EMAIL.**

20       It is not uncommon for courts to permit service by email particularly where

21  there is evidence of evasion of service, refusal to accept service and there has been

22  communication with defendant, and such service is reasonably calculated to give

23  notice.  For instance, the Ninth Circuit has long authorized email service for foreign

24  corporations. *See, e.g., Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002)

25  (service of process by e-mail was proper not only because it was reasonably calculated

26  to apprise the defendant of the pendency of the action and afford it an opportunity to

27  respond, but also because it was the method of service most likely to reach the

28  defendant).  And, district courts routinely consider alternative forms of service such

as by email as proper, *See, e.g., Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*, 2017 U.S. Dist. LEXIS 231098 (S.D. Fla. Sept. 21, 2017) (service of process via e-mail is authorized where plaintiff presented evidence that defendant evaded service, refused to accept service via FedEx, and had communicated with the e-mail plaintiff proposed to use for service); *St. Francis Assisi v. Kuwait Fin. House*, 2016 U.S. Dist. LEXIS 136152 (N.D. Cal. Sept. 30, 2016) (service of process via Twitter was reasonably calculated to give notice and was not prohibited by international agreement); *FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) (service by e-mail and Facebook are reasonably calculated to provide defendants with notice); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D. Tenn. Nov. 16, 2004) (service to email address defendant provided to its domain name registrar that did not bounce back is fully authorized, is the method most likely to reach the defendant, and is reasonably calculated to apprise the defendant of the pendency of the action and afford it an opportunity to be heard).

Here, Plaintiffs made several attempts to serve Defendants personally at three different addresses.  Plaintiffs also made attempts at different times of the day (morning, afternoon, and evening) and on different days of the week.

Additionally, each of Defendants Lee, Pham, Yamamori, and Shrouder controls the operations of Defendant ADC Air, that has been served through its agent for service of process in Nevada.  There is no question that service upon ADC Air already provided notice to these Defendants.

Moreover, Plaintiffs' counsel has been communicating with each of Pham and Yamamori in the Pham Litigation via their email addresses as pro per litigants in the Pham Litigation.

In short, email service is proper because it is reasonably calculated to apprise Defendants who already know about the pendency of the action, that he has been served, and to afford him an opportunity to respond. Further, it is the method of service most likely to reach them.

III.   **CONCLUSION**

Therefore, Plaintiffs respectfully request an order permitting service to be effectuated upon each of Defendants Lee, Jina, Pham, Yamamori, ADC USA, and HAJA by sending a copy of the papers to each of their email addresses and that each of them be permitted 30 days from the date of email to respond to the Complaint.

DATED:  July 2, 2024                     ORBIT IP, LLP


                                        By:   */s/ Ehab M. Samuel*
                                              EHAB M. SAMUEL
                                              DAVID A. RANDALL

                                              *Attorneys for Boltier R&D, Inc.,*
                                              *ADC Energy, Inc., Hun Yong Choe, and*
                                              *Choe Family, LLC*